UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERICK PIMENTEL-CABRERA,<br>RONALD ODELYN TEJEDA, and<br>CARLOS RODRIGUEZ,<br><br>     Defendants | CRIMINAL No. 24-10334-NMG |

## GOVERNMENT'S MOTION FOR DETENTION

The United States of America, by Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, moves for pretrial detention, pursuant to the Bail Reform Act, 18 U.S.C. § 3141 et seq., of defendant Ronald Odelyn Tejeda. On October 30, 2024, a grand jury indicted Tejeda for conspiracy to distribute and to possess with intent to distribute controlled substances, four counts of distribution of fentanyl, and one count of possession with intent to distribute fentanyl and methamphetamine. Dkt. No. 31. As outlined in the Affidavit filed in support of the Complaint submitted by Drug Enforcement Administration ("DEA") Special Agent Alexander P. Afonso, *see* Dkt. No. 4-1 ("Complaint Aff."), in August and September 2024, at the direction of investigators, a confidential source completed several controlled purchases of fentanyl pills from Tejeda. *Id.* On October 7, 2024, DEA agents executed a search warrant in a residence where Tejeda had been seen before or after the controlled purchases and found drug presses, fentanyl, methamphetamine, two stolen firearms (an assault rifle and a Glock), and an Uzi with a defaced serial number. *See* Dkt. No. 4-1. When agents appeared at Tejeda's residence to execute a search warrant, Tejeda jumped from the third-floor balcony and fractured his back.

Because of Tejeda's injuries and the inability of pretrial detention facilities to manage Tejeda's medical needs, the government did not seek detention when Tejeda was arrested on October 7, 2024, but reserved its right to do so once Tejeda had recovered. On October 30, 2024, Tejeda appeared in court and appeared to be mobile and recovering.

As things stand at the time this motion is being filed, 1) clear and convincing evidence shows that no conditions of release will reasonably assure the safety of the community; 2) a preponderance of the evidence shows that no conditions of release will reasonably assure the appearance of the defendant at trial; and 3) each of the statutory factors in 18 U.S.C. § 3142(g) weighs strongly in favor of detention.

### I. Eligibility for Detention

The government moves for detention under the following provisions of the Bail Reform Act: (a) 18 U.S.C. § 3142(f)(1)(C) because this case involves an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act; and (b) 18 U.S.C. § 3142(f)(2)(A) because there is a serious risk that the defendant will flee. Additionally, information exists that was not known to the government at the time of the first appearance that has a material bearing on detention issues. *See* 18 U.S.C. § 3142(f)(2). Finally, there is a presumption in favor of detention in this case based upon 18 U.S.C. § 3142(e).

### II. Each Factor Strongly Favors Pretrial Detention of Tejeda

#### A. The Nature and Circumstances of the Offense and the Weight of the Evidence Favors Detention.

Tejeda distributed counterfeit M30 oxycodone pills containing fentanyl, which pose a heightened risk to the public, because many users believe such pills are legitimate prescription opioids. DEA laboratory testing indicates that 7 out of every 10 pills seized by DEA contains a lethal dose of fentanyl. *See* https://www.dea.gov/onepill (accessed November 7, 2024).

In August 2024 and September 2024, through controlled purchases conducted using a confidential source and an undercover officer that were recorded, DEA seized more than a kilogram of pills containing fentanyl directly from Tejeda. And on October 7, 2024, DEA seized fentanyl pills, fentanyl powder, and methamphetamine from the basement of a residence at which surveillance investigators had seen Tejeda before and after controlled purchases. The basement also contained drug presses that investigators believe Tejeda operated.

### B. The History and Characteristics of the Defendant Favors Detention.

Tejeda is a flight risk based on what he did on October 7, 2024, and the seriousness of the charges that he faces. On October 7, 2024, when agents arrived at his home to execute a search warrant, Tejeda jumped from the third floor of his apartment building. He is a literal risk of flight. If convicted of Counts I and V, Tejeda will face a mandatory minimum sentence of ten years. If he is convicted of Count VI, the nature and weight of the substances seized by agents could result in a sentence that is much higher than the mandatory minimums for those substances.

### C. The Seriousness of the Danger to the Public Favors Detention.

Tejeda's access to dangerous firearms and drugs shows that he poses a danger to the community. The search of 46 Melrose Street in Lawrence, Massachusetts, where Tejeda was seen before and after controlled purchases, resulted in the seizure of, among other things, drug presses, kilograms of methamphetamine and fentanyl, all in the basement, and an unsecured stolen AR-15 rifle in the first floor bedroom, an unsecured Uzi with a defaced serial number and a Supreme sticker on the magazine in the first floor bedroom, and an unsecured stolen Glock in the kitchen on the first floor. The firearm seizures will most probably result in additional federal charges. That those drugs and firearms were found on that day indicates that Tejeda may have access to more of the same, in other locations.

As of the filing of this motion, no conditions have been proposed to mitigate those risks. Once Tejeda has fully recovered from his injuries, there is a concern that he may try to flee again. Moreover, it is unclear how he will support himself. He is not lawfully present in the United States, does not have authorization to work, and has not demonstrated that he will get authorization to work. The evidence seized on October 7, 2024, and the observations of law enforcement, instead indicate that Tejeda's only source of income was drug dealing. While he reported to Pretrial Services in mid-October that he expects that his sister or friend will shelter and support him if he cannot pay his own rent, he has not confirmed or further fleshed out that plan.

## **CONCLUSION**

Based on the charged offense and the seizures, Tejeda poses a significant threat to public safety. He has no way to support himself besides drug dealing, and the drugs that were seized—fentanyl and methamphetamine—are very dangerous. Due to his actions on October 7, 2024, when he tried to escape from his apartment, and the seriousness of the charges, there is a strong risk of flight. As things stand, no conditions of release will reasonably assure the safety of the community or assure the appearance of Tejeda at trial.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ Annapurna Balakrishna
Annapurna Balakrishna
Assistant United States Attorney
(617) - 748-3111

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Annapurna Balakrishna
Annapurna Balakrishna
Assistant United States Attorney

## LOCAL RULE 7.1 CERTIFICATION

I certify that I attempted to confer with counsel before I filed this motion.

/s/ Annapurna Balakrishna
Annapurna Balakrishna
Assistant United States Attorney

Date: November 8, 2024